UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE CHUCKANUT PROJECT LLC, d/b/a GLASSWORKS NORTHWEST, and Kristi Thorndike-Kent,<br><br>    *Plaintiffs*,<br><br> v.<br><br>LORI MORENO,<br><br>    *Defendant*. | No. 2:22-cv-1520<br>COMPLAINT<br>JURY DEMAND |

Plaintiffs THE CHUCKANUT PROJECT, LLC and KRISTI THORNDIKE-KENT complain and alleges as follows:

## I. PARTIES.

1. Plaintiff The Chuckanut Project LLC d/b/a/ Glassworks Northwest ("Glassworks Northwest") is a Washington limited liability corporation whose members are Washington residents, with a principle place of business in Whatcom County, Washington.

2. Plaintiff Kristi Thorndike-Kent is a resident of Whatcom County, Washington.

3. Defendant Lori Moreno ("Moreno") is, on information and belief, a resident of Virginia.

## II. JURISDICTION AND VENUE.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1338.

5. As described in greater factual detail below, a substantial part of the transactions or occurrences giving rise to this action occurred in this state and judicial district. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

COMPLAINT - 1

*GWNW v. Moreno*, No. 2:22-cv-1520 (W.D. Wash.)

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

6. As described in greater factual detail below, Moreno purposefully availed herself of the protections and benefits of the laws of the state of Washington by seeking out and contracting with Glassworks Northwest, knowing it was located in Washington and in Whatcom County. This Court therefore has personal jurisdiction over Moreno for purposes of this Action.

### III. Facts.

7. Kristi Thorndike-Kent ("Ms. Thorndike-Kent"), the principal of Glassworks Northwest, began making fused glass artwork in 2006.

8. She has long had an interest in the ancient art of cane making and murrini, a glassmaking technique that archeological evidence dates back over 4,000 years.

9. Eventually, Ms. Thorndike-Kent started using a technique first widely publicized in the early 2000s by Nathan Sandberg, making "vitrigraph cane" or "vitrigraph murrini."

10. Sandberg's technique, now widely mimicked, involved drilling a hole in the bottom of a kiln, filling a terra cotta pot with glass, placing the pot in the kiln and heating the kiln, allowing molten glass to be pulled out of the hole in the kiln.

11. Carefully controlled, the process allows the glassmaker to make "canes" with patterned cross sections, that can then be used to decorate, for example, fused glass artwork, blown glass pieces, mosaic jewelry, and more.

12. Ms. Thorndike-Kent, like many accomplished glassmakers, refined and developed her techniques. She employs a unique, 75+ step process that produces unique murrini.

13. Ms. Thorndike-Kent was first introduced to vitrigraph in 2008 when she took a 4-day advanced fusing class from fused-glass artist Patti Gray.

14. In 2010, she began studying making lampwork flowers, a technique using a blowtorch to heat and form the glass.

15. In 2017, she discovered polymer clay and quickly started making complex flower canes, following the artistic and technical lead of Ivy Niles and Ronit Grolin.

Complaint - 2

GWNW v. Moreno, No. 2:22-cv-1520 (W.D. Wash.)

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

16. That same year, Ms. Thorndike-Kent took a 6-day master cane workshop from polymer-clay artist Carol Simmons, learning more about the processes needed to build detailed and complex canes.

17. From Simmons, she learned a way of making complex canes by making individual, simpler canes, then adding them together to produce final, more complex designs.

18. She learned that the process of making flower canes in glass, whether using polymer clay, lampwork, blown glass, or a vitrigraph kiln, always involves encasing the design in clear or translucent material, with various standard techniques which vary depending on the tools used.

19. In 2018, she traveled to Murano, Italy, and learned everything she could about the Italian millefiori and murrini cane process.

20. In 2021, she began making glass cane with a vitrigraph kiln, following on from the technique developed by Sandberg in the early 2000s.

21. Like any accomplished student of an ancient craft, Ms. Thorndike-Kent has read hundreds of books and articles and watched hours of tutorials and videos about making murrini in glass and clay. She has learned bits and pieces and tips and tricks from dozens, if not hundreds, of other artists.

22. In the course of her research and studying, in early 2021, Ms. Thorndike-Kent heard about a vitrigraph murrini tutorial that had once been offered for sale by Moreno.

23. In fact, various members of online forums discussing glassmaking techniques would caution Ms. Thorndike-Kent about posting certain processes she used, describing certain processes or results, or even asking about how creators made certain kinds of murrini.

24. It became apparent to Ms. Thorndike-Kent that at least some glass creators believed that Moreno had legal authority to prevent the dissemination of at least some ideas regarding vitrigraph murrini.

25. When Ms. Thorndike-Kent inquired on various online forums about purchasing or subscribing to the Moreno tutorial, she was told that the tutorial was no longer available.

COMPLAINT - 3

*GWNW v. Moreno*, No. 2:22-cv-1520 (W.D. Wash.)

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

26. However, on April 9, 2021, Moreno initiated contact with Ms. Thorndike-Kent by texting her to initiate negotiations for Ms. Thorndike-Kent to purchase the tutorial.

27. Based on Ms. Thorndike-Kent's online presence, through which Moreno contacted her, Moreno knew at the time that Ms. Thorndike-Kent lived in Washington state, and initiated contact with her in Washington state, to sell the tutorial to her in Washington state.

28. Prior to selling the tutorial, Moreno first claimed that Ms. Thorndike-Kent's online discussions revealed that Ms. Thorndike-Kent had procured an unauthorized copy of the tutorial.

29. Moreno based this belief on Ms. Thorndike-Kent's descriptions of her process of making vitrigraph murrini, as well as on images of some of the finished product that Ms. Thorndike-Kent posted to online forums.

30. Ms. Thorndike-Kent had never seen the tutorial, and had no idea of the contents.

31. Moreno also expressed concern as to whether Ms. Thorndike-Kent intended to begin teaching others after reading the tutorial.

32. Ms. Thorndike-Kent made clear that no, she did not intend to teach, but intended to begin selling murrini.

33. With that reassurance, Moreno made the tutorial available for purchase by Ms. Thorndike-Kent on Etsy.

34. Several days after downloading it, Ms. Thorndike-Kent reviewed the tutorial.

35. Ms. Thorndike-Kent promptly noticed that the tutorial contains the designation "patent pending" as well as copyrighted.

36. On information and belief, Moreno has no pending U.S. patent application for any portion of the disclosure in the tutorial.

37. As with most books, articles, and videos, much of the content was duplicative of other lessons and descriptions of this ancient art.

38. As with most books, articles, and videos, the tutorial highlighted one or two tips or tricks that Ms. Thorndike-Kent had not previously encountered.

COMPLAINT - 4

*GWNW v. Moreno* , No. 2:22-cv-1520 (W.D. Wash.)

ARD LAW GROUP PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

39. Unlike any other instructional guidance, Moreno's tutorial purported to bar the reader from selling murrini using the techniques outlined in the tutorial, and to forbid readers from posting photos of their work making murrini on social media if it uses any of the process described in the tutorial.

40. Because the process described in the Moreno tutorial does little more than repackage techniques which have been in the public domain since Sandberg's development, Moreno purports to bar anyone who has read her tutorial from posting process pictures of making murrini with a vitrigraph kiln.

41. In correspondence with third parties, as detailed below, Moreno refers to this purported ban as a "non-compete agreement."

42. In April 2022, Ms. Thorndike-Kent began to sell murrini on Etsy through her LLC, The Chuckanut Project LLC.

43. Murrini are not an end-product of glass, purchased by consumers, but are an element that glass artists use in other products.

44. Thus, the prospective purchasers of murrini from Glassworks Northwest, as with others sellers of murrini, are glass craftspeople who are familiar with glassmaking processes, as well as often active in glass artists' online forums, and familiar with various sellers of murrini.

45. Many of the prospective purchasers of Glassworks Northwest's are already familiar with Moreno's claims of protectable rights in certain murrini designs and processes, and decline to do business with someone who Moreno claims has infringed those purported rights.

46. Thus, almost immediately after Glassworks Northwest began selling mussini, Moreno began to attack Ms. Thorndike-Kent on Facebook groups dedicated to the vitrigraph kiln process, decrying her as having copied Moreno's supposedly protected designs and techniques.

47. Moreno claimed protectable rights in such trivialities as the common knowledge that one must set five pieces at a 72 degree angle to each other to form a 360 degree circle. Moreno

COMPLAINT - 5

GWNW v. Moreno, No. 2:22-cv-1520 (W.D. Wash.)

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

has never detailed the supposed source of her protected rights in the knowledge that 360/5=72.

48. In fact, it quickly became clear to Ms. Thorndike-Kent that Moreno had sought her out as a target for the tutorial, which Moreno could then use as the basis for her frivolous claims that she alone could determine whether Ms. Thorndike-Kent could or could not make certain designs, use certain techniques, or sell certain vitrigraph flowers or glass canes.

49. Moreno promptly began posting comments on Ms. Thorndike-Kent's Facebook postings, repeatedly claiming that Ms. Thorndike-Kent "steals" designs from Moreno.

50. Moreno would ask customers and potential customers of Ms. Thorndike-Kent to unfriend Ms. Thorndike-Kent's shop and follow her own, accompanying those requests with accusations that Ms. Thorndike-Kent appropriated Moreno's "designs."

51. At least one prospective purchaser publicly responded to Moreno's accusations by stating that she would not buy from Glassworks Northwest as a result of Moreno's statements.

52. Moreno's frivolous copyright claims and false patent marking on her tutorial have led prospective purchasers of the murrini made by Glassworks Northwest to falsely believe that Moreno alone can determine what murrini Glassworks Northwest can make, sell, and offer to sell.

53. Moreno then filed a take-down request to Etsy pursuant to the Digital Millenium Copyright Act, claiming that Ms. Thorndike Kent and Glassworks Northwest violated Moreno's copyright in the text of her tutorial by selling murrini.

54. Moreno was not satisfied yet.

55. Moreno hired counsel, Rachel L. Brenke of Eden Law, PLLC in Fredicksburg, Virginia to send a letter accusing Ms. Thorndike-Kent of "unauthorized business practices."

56. Sent on August 29, 2022 to an address Ms. Thorndike-Kent no longer uses, the letter demanded payment of $3000 and accused Glassworks Northwest of "violation of Ms. Moreno's publicity rights" under Virginia Code § 8.01-40, for the allegedly dreadful harm

COMPLAINT - 6

*GWNW v. Moreno*, No. 2:22-cv-1520 (W.D. Wash.)

ARD LAW GROUP PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

of Ms. Thorndike-Kent publicly acknowledging that she had studied Moreno's work and tutorial.

57. Ms. Thorndike-Kent's statements were true, of course, and made in response to Moreno voluntarily soliciting Ms. Thorndike-Kent's purchase of the tutorial.

58. Moreno, through counsel, also accused Ms. Thorndike-Kent of tortious interference with business expectancy, by allegedly diverting to Glassworks Northwest sales of murrini that Moreno supposedly would have made.

59. This accusation was knowingly false when made.

60. Moreno knew that she works in with a specific type of glass (CoE 90) that is different than what Glassworks Northwest works in (CoE 96). Buyers of CoE 90 glass generally do not buy CoE 96, and vice versa.

61. Regardless of superficial visual similarities to the casual observer, that fundamental difference would be immediately recognized by any person with minimal knowledge of glass work, including all the people who purchase from both Moreno and Glassworks Northwest, all of whom would know that Glassworks Northwest's products are not substitutes for those of Moreno.

62. The letter also accused Ms. Thorndike-Kent of violating Etsy's legal terms. Neither Moreno nor Attorney Brenke purported to represent Etsy or have the authority to enforce those terms on Etsy's behalf.

63. Finally, the letter accused Ms. Thorndike-Kent of violating the terms of the tutorial, which purportedly "prohibited sharing of process photos and limited techniques to utilization for personal purposes."

64. The letter demanded "**Immediate cessation of all behaviors** outlined within this letter." (Emphasis in original.)

65. The letter did not make clear whether Moreno and Attorney Brenke thought that Ms. Thorndike-Kent had to stop making glass entirely, despite that the letter had outlined that behavior.

COMPLAINT - 7

GWNW v. MORENO, No. 2:22-cv-1520 (W.D. WASH.)

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

66. The letter demanded "**Public retraction statement** by you" with specific statements that Moreno and Attorney Brenke thought they could compel Ms. Thorndike Kent to make.

67. It further demanded $3,000 as payment for attorneys' fees that Moreno had foolishly allowed herself to incur by hiring an attorney and paying that attorney to make legally baseless demands.

68. Finally, the letter demanded that Glassworks Northwest sign a settlement.

69. It demanded a response by September 23rd, 2022, with an explicit threat that if Glassworks Northwest did not pay up, Moreno would "continue with next options legally available [sic] for resolution of this matter and may also proceed with a public press release detailing these events."

70. The letter and its attachment is appended to this Complaint as Exhibit A.

71. Glassworks Northwest did not retrieve the letter from the unused address to which it was sent until October 17, 2022, at which time it was accompanied by a second letter, this one including an explicit threat of litigation, document retention demand, and a demand for a $4500 payment.

72. That letter is attached to this Complaint as Exhibit B.

73. Prior to Glassworks Northwest ever finding the futile letter, Moreno had upped the ante again, serving Etsy with a dozen take-down requests pursuant to the Digital Millenium Copyright Act, claiming that Ms. Thorndike Kent and Glassworks Northwest violated Moreno's copyright in the text of her tutorial by selling murrini.

74. That take-down notice explicitly acknowledged that the copyright purportedly infringed was for "Writing or other text."

75. It further claimed that "This is a totorial [sic] that describes how to make very specific vitrigraph millefiori designs. A non-complete clause in the tutorial forbids the purchaser from selling millefiori made the same designs."

76. A non-compete clause is not a copyright.

Complaint - 8

GWNW v. Moreno, No. 2:22-cv-1520 (W.D. Wash.)

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

77. No non-compete of the terms supposedly found in the "tutorial" is legally enforceable under Washington law.

78. Glassworks Northwest has counter-noticed under the DMCA, but Moreno's campaign is undoubtedly going to continue until this Court puts an end to it.

### IV. Causes of Action.

**A. First Cause of Action: Declaratory Relief.**

79. Glassworks Northwest and Ms. Thorndike-Kent reincorporate the foregoing paragraphs as though fully restated herein.

80. Glassworks Northwest and Ms. Thorndike-Kent seeks a declaration from this Court that Moreno has no legal right under the Copyright Laws of the United States, Title 17 U.S.C., or any other law, to preclude Ms. Thorndike-Kent and/ or Glassworks Northwest from making and selling glass using any technique now known to Glassworks Northwest or Ms. Thorndike-Kent.

**B. Second Cause of Action: Declaratory Relief.**

81. Glassworks Northwest and Ms. Thorndike-Kent reincorporate the foregoing paragraphs as though fully restated herein.

82. Glassworks Northwest and Ms. Thorndike-Kent seeks a declaration from this Court that Moreno has no legal right under the Copyright Laws of the United States, Title 17 U.S.C., or any other law, to preclude Ms. Thorndike-Kent and/ or Glassworks Northwest from commenting on, posting pictures of, or otherwise publicizing her process of making glass using any technique now known to Ms. Thorndike-Kent or Glassworks Northwest.

**C. Third Cause of Action: Libel.**

83. Ms. Thorndike-Kent reincorporates the foregoing paragraphs as though fully restated herein.

84. Moreno's accusations that Ms. Thorndike-Kent "steals" from Moreno are false.

85. Moreno knows that these statements are false.

COMPLAINT - 9

*GWNW v. Moreno*, No. 2:22-cv-1520 (W.D. Wash.)

ARD LAW GROUP PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

86. Moreno makes these statements with the express intent of harming Ms. Thorndike-Kent's reputation for probity and honesty in her business.

87. Moreno has caused purchasers to decline to purchase Ms. Thorndike-Kent's goods as a result of her false statements.

88. Moreno is therefore liable to Ms. Thorndike-Kent for damages.

**D. Fourth Cause of Action: Tortious Interference With Prospective Business Expectancy.**

89. Glassworks Northwest reincorporates the foregoing paragraphs as though fully restated herein.

90. Moreno knew that Glassworks Northwest had an expectation of future economic benefit from sales of glass.

91. Moreno intentionally induced the termination of that expectancy by her false statements about Glassworks Northwest and the source of Ms. Thorndike-Kent's techniques and patterns for making her products.

92. Moreno's statements, false as they were, were made for the improper purpose of damaging Glassworks Northwest.

93. Moreno was successful in this, and damaged Glassworks Northwest's business.

94. Moreno is therefore liable to Glassworks Northwest for the damage she caused.

**E. Fifth Cause of Action: False Marking (35 U.S.C. § 292).**

95. Glassworks Northwest reincorporates the foregoing paragraphs as though fully restated herein.

96. Moreno falsely designates her tutorial as "patent pending."

97. Moreno has used that false designation in support of her claims against Ms. Thorndike-Kent and Glassworks Northwest, as an additional cudgel to induce others not to do business with Ms. Thorndike-Kent and Glassworks Northwest.

98. Glassworks Northwest has been harmed in its business as a result, and is entitled to damages adequate to compensate for the injury.

Complaint - 10

GWNW v. Moreno, No. 2:22-cv-1520 (W.D. Wash.)

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

## V. Jury Demand.

99. Glassworks Northwest demands a jury trial on all issues so triable.

## VI. Prayer For Relief

Wherefore, Glassworks Northwest prays for relief as follows:

1. A declaration that Moreno has no legal right of any sort to prevent Glassworks Northwest and Ms. Thorndike-Kent from making any glass in any form or using any technique that are now known to Glassworks Northwest and Ms. Thorndike-Kent;

2. A declaration from this Court that Moreno has no legal right of any sort to prevent Glassworks Northwest and Ms. Thorndike-Kent from publicizing the methods, techniques, equipment, means of manufacture, or any other aspect of making glass now known to Glassworks Northwest and Ms. Thorndike-Kent;

3. Judgment against Moreno and in favor of Ms. Thorndike-Kent for Moreno's libel and the damages caused to Ms. Thorndike-Kent;

4. Judgment against Moreno and in favor of Glassworks Northwest and Ms. Thorndike-Kent for Moreno's tortious interference and the damage caused to Glassworks Northwest and Ms. Thorndike-Kent;

5. Judgment against Moreno and in favor of Glassworks Northwest and Ms. Thorndike-Kent for damage caused to Glassworks Northwest and Ms. Thorndike-Kent by Moreno's false patent marking;

6. An award of fees and costs; and

7. Such other relief as this Court deems just and proper.

///
///
///
///
///
///

Complaint - 11

GWNW v. Moreno, No. 2:22-cv-1520 (W.D. Wash.)

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1  October 26, 2022.

Ard Law Group PLLC

By: _____
Joel B. Ard, WSBA # 40104
P.O. Box 11633
Bainbridge Island, WA 98110
206.701.9243
Joel@Ard.law
Attorneys For Plaintiff

Complaint - 12

GWNW v. Moreno, No. 2:22-cv-1520 (W.D. Wash.)

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243